UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 21-53-DLB

STATES RESOURCES CORPORATION                                 PLAINTIFF

v.                  **MEMORANDUM OPINION AND ORDER**

WILLIAMSON FAMILY FOODS, INC., et al.                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

## I.    INTRODUCTION

This matter is before the Court upon two Motions filed by Plaintiff: a Motion to Dismiss Certain Parties and Claims (Doc. # 30), and a Motion for Default Judgment (Doc. # 31). No Defendant in this case has appeared or otherwise responded to either Motion, and the time for doing so has passed. Thus, both Motions are ripe for the Court's review. The Court has considered both Motions and is otherwise sufficiently advised. Accordingly, both Motions are **granted** for the reasons stated herein.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

States Resources Corporation ("States") filed this lawsuit in June 2021, seeking to collect on a promissory note in default. (*See* Docs. # 1 and 7). States, a Nebraska corporation, is the current holder of the promissory note, which was originally issued to Williamson Family Foods, a now-dissolved Kentucky corporation, in 1996 by Trans Financial Bank. (Doc. # 7 ¶¶ 14-17). Defendants in this action are Williamson Family Foods, members of the Williamson family who owned the business, and their spouses. States' promissory note was collateralized by security interests in substantially all of the

1

business' assets (*id.* ¶ 30), in addition to a mortgage on real property owned by members of the Williamson family and their spouses. (*Id.* ¶ 39). After defaulting on the promissory note and obtaining multiple extensions from the note's servicers (including States), in 2018, during the sixth extension, Defendants John L. Williamson II, Nicky Delmar Williamson, John L. Williamson, and David Lee Maynard executed a guarantor's agreement with States, by which they personally guaranteed repayment of the amounts due. (*Id.* ¶ 52). The guarantor's agreement provided that each signer would repay the business' debt, and that States could enforce the debt against each guarantor without pursuing other remedies and without foreclosing on any collateral, in addition to providing for attorney's fees and legal expenses incurred during enforcement of the agreement. (*Id.* ¶¶ 53, 55).

As of April 2021, States is owed $259,274.16 by Williamson Family Foods, and in turn, the individual Williamson guarantors. (*Id.* ¶ 56). States made demands on the individual guarantors, but each one refused to pay the debt. (*Id.* ¶ 54). This action followed, by which States seeks to collect the debt jointly and severally from each of the guarantors, in addition to attorney's fees and interest, declarations of valid liens on the collateral (including rents and profits from the real estate), judgment directing possession of the collateral, and the appointment of a receiver for the collateral and real estate. (*Id.* at 13-14).

States successfully effected service of process against all Defendants in December 2021 (*see, e.g.*, Doc. # 21), and it moved for entry of default in March. (Doc. # 22). The Clerk of Court entered default against all Defendants shortly thereafter, (Docs. # 23-29), and the instant Motions followed.

### III. ANALYSIS

#### A. Motion to Dismiss Certain Parties and Claims (Doc. # 30)

States has filed a Motion to Dismiss Certain Parties and Claims (Doc. # 30). In the Motion, States mentions that the real estate referenced in its Amended Complaint has been subject to a foreclosure action in Pike Circuit Court, and that it desires to dismiss Count III, which relates to the real estate collateral. (*Id.* at 1). Because Count III is the only claim involving the spouse Defendants (who were not parties to the Guarantor Agreement), States also desires to dismiss the spouse Defendants as parties. However, it is uncertain under which of the Federal Rules of Civil Procedure this Motion should be adjudicated, as motions to dismiss are usually brought under Rule 12, and Rule 12 is used by defendants, not a plaintiff, as is the case here. While States has cited Rule 21 and Rule 54, neither Rule adjudicates the Motion entirely. Thus, for the reasons that follow, the Court will construe the Motion as being brought under Rule 21, and the motion will be granted, with the Court dismissing Count III as moot *sua sponte*.

As previously mentioned, States' Motion references Rule 21 and Rule 54(b). (*Id.*). At the outset, the Court notes that Rule 54(b) is improper, as States cannot simply ask the Court to enter judgment on certain claims and not others without proper disposition. In the Sixth Circuit, certain claims "are not automatically distinct from remaining claims simply because they were separately pleaded." *Novia Commc'ns, LLC v. Weatherby*, 798 F. App'x 890, 893 (6th Cir. 2020) (internal quotations omitted). Rather, "when causes of action share a single aggregate of operative facts, they are considered a single claim under Rule 54(b)." *S2 Yachts v. ERH Marine Corp*, 855 F. App'x 273, 275 (6th Cir. 2021) (internal quotations omitted). The Sixth Circuit's reasoning rests in Rule 54(b)'s purpose,

3

which is "to permit acceleration of appeals in multiple-claim cases." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 416 (2015). Here, all of the claims stem from the same set of operative facts, and are derived from one promissory note issued to Williamson Family Foods. Thus, for purposes of Rule 54(b), each claim is considered to be one single claim, and the Rule cannot be used to dismiss Count III.

Furthermore, a plaintiff generally cannot move to dismiss an individual claim in an action without amending the Complaint under Rule 15. *Rowland v. Southern Health Partners, Inc.*, 4 F.4th 422, 432 (6th Cir. 2021) (citing *Mgmt. Invs. V. United Mine Workers*, 610 F.2d 384, 394 (6th Cir. 1979)); *see also Perry v. Schumacher Grp. of La.*, 981 F.3d 954, 958 (11th Cir. 2018). However, States has also referenced Rule 21, which deals with misjoinder and nonjoinder of parties. (Doc. # 30 at 2). Rule 21 allows a party to move to drop a party "at any time, on just terms[.]" Fed. R. Civ. P. 21. In States' favor, this Court has previously held that when certain parties are dropped under Rule 21, and certain claims are limited to those parties, the claims can also be dismissed. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018). However, this case is different, as Count III is not limited only to the spouse Defendants. Even if the Court dropped the spouse Defendants as parties under Rule 21, Count III would remain, but only against the other remaining Defendants. Thus, Rule 21 is only partially effective, and the Court will turn to its ability to dismiss the claim *sua sponte*, after taking Plaintiff's Motion under advisement.

It is well established that a district court may dismiss a claim *sua sponte* for mootness, as mootness divests the court of its jurisdiction over a claim. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question, because the

4

Court is not empowered to decide moot questions or abstract propositions. . . ."); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte."). Even though States did not raise mootness in its Motion, the court has a duty to consider it sua sponte. *Tigrett v. Cooper*, 595 F. App'x 554, 557 (6th Cir. 2014). Mootness arises when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

Here, States has made clear that the issue presented in Count III is no longer live, as Count III sought enforcement of a mortgage and assignment of rents, and the property in question has been foreclosed on and sold pursuant to a judgment entered by the Pike Circuit Court. (Doc. # 30 at 1). Seeing that Count III is now moot, the Court will dismiss the Claim *sua sponte*, in addition to granting States' Motion to the extent that it seeks to drop the spouse Defendants as parties under Rule 21.

### B. Motion for Default Judgment (Doc. # 31)

States has also moved for default judgment to be entered against all Defendants. (Doc. # 31). As previously stated, the Clerk of Court has made Entries of Default with respect to all Defendants. (Docs. # 23-29). The Court's entry of Judgment, however, determines the specific damages to which a plaintiff is entitled, and the determination depends on whether the damages are calculable or liquidated. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In cases where damages are not liquidated, a default judgment only admits liability, and "the amount of damages must be proved." *Id*. Liquidated damages "are those made certain or fixed by agreement of parties, or by operation of law." *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 414 (6th Cir. 2006).

Here, because the damages are clearly established by financial contracts, including a promissory note, security agreement, and guarantor's agreement, the damages are clearly liquidated, including attorney's fees and interest, which are provided for in the contracts. (*See* Doc. # 31-1). Thus, a hearing to determine damages is unnecessary, and States' Motion for Default Judgment will be granted.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) States' Construed Motion to Drop Parties (Doc. # 30) is **GRANTED**; and Defendants the Estate of Belinda Williamson, Mary A. Williamson, and Peggy J. Maynard are to be **TERMINATED** on the docket as parties to this action;

(2) Count III of States' Amended Complaint (Doc. # 7) is **DISMISSED WITH PREJUDICE**;

(3) States' Motion for Default Judgment (Doc. # 31) is **GRANTED**; and

(4) An accompanying Judgment shall be entered contemporaneously herewith.

This 26th day of April, 2022.



Signed By:
<u>David L. Bunning</u>  DB
United States District Judge

K:\DATA\ORDERS\PikeCivil\2021\21-53 MOO re Default.docx